In re CERTAIN LANDS IN THE BLOCK BOUNDED BY AVEUNE A AND FIRST AVE., FIFTY-NINTH AND SIXTIETH STREETS, AND IN THE BLOCK BOUNDED BY FIRST AND SECOND AVES., FIFTY-NINTH AND SIXTIETH STREETS, IN THE CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.  April 21, 1911.)

1. CORPORATIONS (§ 449*)—CONTRACTS IN CONTRAVENTION OF LAW.

A realty corporation obtained the signature of the lessee of premises to an instrument naming itself, which read: "I do hereby retain and employ * * * to act for me and in my behalf in the conduct of certain proceedings affecting my property and to furnish such legal and other expert services as it may deem necessary in connection with the taking of my property by condemnation proceedings," and in which the lessee, in consideration of defendant's services, assigned and agreed to pay to it 33⅓ per cent. of the amount recovered in settlement of all expenses and disbursements. Held, that this instrument amounted to a retainer to represent the lessee in legal proceedings, and as such was in contravention of law and void.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 449.*]

2. CORPORATIONS (§ 14*)—CAPACITY TO PRACTICE LAW.

A corporation cannot practice law, either directly or indirectly, by the employment of lawyers to practice for it.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 14.*]

3. CONTRACTS (§ 129*)—LEGALITY OF OBJECT—PERVERTING ADMINISTRATION OF JUSTICE—AGREEMENT WITH WITNESSES.

A realty corporation was retained and employed by a lessee of premises to furnish "legal and other expert services" in a proceeding connected with the condemnation of the lessee's interests to a public use, under an agreement that it was to be paid 33⅓ per cent. of the award. Held, that the only "services" which could have been legitimately rendered were the services of expert witnesses, and that, as an agreement to pay the corporation for furnishing expert witnesses, it was illegal and void.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 129.*]

4. CONTRACTS (§ 129*)—LEGALITY OF OBJECT—CONTRACT AGAINST PUBLIC INTERESTS.

Where a realty corporation makes an agreement with a lessee to represent him in condemnation proceedings by the city, in which the only question is one of appraisement, for 33⅓ per cent. of the award, and in a court proceeding to enforce payment of a part of the award alleges that it employed and paid an attorney and employed and paid witnesses in the interest of the lessee, and asserts that small interests derive an advantage from being placed in its hands and claims the performance of other services, the exact nature of which is not shown, it stands as a mere stranger

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

as ·between the lessee and the city, and its agreement, being against pub·
lic interest, is unenforceable.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 129.*]

Dowling, J., dissenting. .

Appeal from Special Term, New York County.

In the matter of acquiring title by the City of New York to premises situated at Avenue A and First Avenue, Fifty-Ninth Street and Sixtieth Street, taken as a site for bridge purposes according to law. Appeal from an order denying an application to authorize the comptroller of the city of New York to deliver a warrant made in payment of the award. Order reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

John Delahunty, for appellant.
Isidor Wels, for respondent.

MILLER, J. The appellant, as administratrix of her husband, Max Bowsky, was awarded the sum of $3,726.50 for certain machinery and fixtures in premises occupied by him as lessee which were taken by the city in condemnation proceedings. The respondent the Realty Protective Company filed with the comptroller a notice of claim to a portion of the award, wherefore the comptroller refused to deliver the warrant in his hands without an order of the court. This appeal is from an order denying a motion made in the condemnation proceedings to require the comptroller to deliver the warrant. The city did not oppose the motion.

Had the city objected to the summary disposition of the matter on motion, the appellant's remedy would doubtless have been limited to an action. It may be that the respondent the Realty Protective Company would have some standing to object to the summary disposition of the matter on motion if there was any basis to support its claim of an interest in the fund by virtue of a lien or assignment. As a mere stranger, however, it has no standing to object, and it is necessary, therefore, to determine whether there is any basis for its claim.

[1] Its claim is based upon an instrument, signed by the said Max Bowsky on the 26th of October, 1906, which provides, so far as material, as follows:

### "In re Opening Blackwell's Island Bridge.

"I do . hereby retain and employ the Realty Protective Company to act for me and in my behalf in the conduct of certain proceedings affecting my property, and to furnish such *legal and other expert services as it may deem* necessary in connection with the taking of my property by condemnation proceedings. * * *

"And, in consideration of its services, do hereby promise, assign and agree to pay said Realty Protective Company 33⅓ per cent. of whatever sum shall be allowed or paid for or on account of such taking; said percentage to cover all expenses and disbursements of every nature whatsoever."

[2] It is settled ·that a corporation cannot practice law, either directly or indirectly, by employing lawyers to practice for it. Matter

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

of Co-operative Law Co., 198 N. Y. 479, 92 N. E. 15. The said respondent disclaims that it is practicing law, but it is impossible to construe said instrument except as a retainer to represent the said Bowsky in legal proceedings and to furnish legal services therein, in consideration of which it was to receive one-third of the recovery. It was therefore illegal upon its face.

[3] Moreover, we think it was illegal for still another reason. By it the respondent was retained to furnish legal "and other exper' services." The only other expert services which could legitimately have been rendered in the proceeding were services of expert witnesses. No one would contend that an agreement to pay an expei witness one-third of the recovery was valid. An agreement to pay a corporation one-third of the recovery for furnishing expert witnesses is no less objectionable. See Lyon v. Hussey, 82 Hun, 15, 31 N. Y. Supp. 281.

[4] The said respondent filed an affidavit in which it is stated that it employed and paid an attorney to represent the interests of said Max Bowsky; that it employed and paid experts to appraise the property, several of whom testified in the proceedings as to the value of the machinery and fixtures; and that, before the appointment of commissioners, it "performed various services before city boards and officers, and conferred with the various city officers having jurisdiction over the initiatory and preliminary steps in the acquisition of the interests to be taken." It is also asserted that an owner with small interests derived an advantage from placing his matter in its hands that could not be obtained in the hands of a private attorney. It does not, however, specify the nature of the mysterious services rendered in conferring with city officers or how any legitimate advantage is derived from employing it, instead of a reputable attorney. Certainly no legitimate services can be rendered before the city determines to acquire the property. Thereafter the question is purely one of appraisement or assessment of damages. The assertion by the respondent of some peculiar and invisible means of enhancing awards is of itself sufficient to show that such an agreement as that relied upon, by which a corporation is retained to furnish legal and other expert services in condemnation proceedings for a percentage of the award, is against the public interest. It is proper, therefore, to treat the said respondent as a mere stranger, and, the city not objecting, to direct the comptroller to deliver the warrant. Matter of Bensel, 68 Misc. Rep. 70, 124 N. Y. Supp. 726; Id., 140 App. Div. 944, 126 N. Y. Supp. 1121, 201 N. Y. 21.

The order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

INGRAHAM, P. J., and McLAUGHLIN and SCOTT, JJ., concur. DOWLING, J., dissents.